UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ERIK LAMB,<br><br>　　　　Defendant. | Case No. 17-cr-00121-BLF<br><br>**ORDER DENYING DEFENDANT'S *PRO SE* MOTION TO TERMINATE SUPERVISED RELEASE**<br><br>[Re: ECF 3] |

　　　　Defendant Erik Lamb ("Lamb"), proceeding *pro se*, has filed a motion for early termination of supervised release. *See* Mot., ECF 3. At the request of the Court, Plaintiff United States of America ("the Government") and the U.S. Probation Office ("Probation") have filed responses to the motion. Both the Government and Probation oppose early termination of Lamb's supervised release. See Gov't Opp., ECF 7; Probation Letter, ECF 6.

　　　　Lamb's motion is DENIED for the reasons set forth below. The Court need not hold a hearing before denying a motion for early termination of supervised release. *See* Fed. R. Crim. P. 32.1(c)(1) (hearing required only if court is modifying conditions of supervised release); *United States v. Langenbach*, 848 F. App'x 356, 357 (9th Cir. 2021) (affirming district court's denial of motion for early termination of supervised release without a hearing). Moreover, Lamb expressly waived a hearing on his motion. *See* Mot. at 1.

## I. BACKGROUND

Lamb was convicted in the United States District Court for the District of Columbia pursuant to his plea of guilty to one count of transportation of child pornography in violation of 18 U.S.C. § 2252A(a)(1) and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5). *See* Judgment, ECF 3. Lamb was sentenced to a 90-month term of imprisonment on each count, to run concurrently; a 180-month term of supervised release on each count, to run concurrently; and a special assessment of $200. *See id.* The sentencing court imposed eleven special conditions of supervision, primarily relating to Lamb's access to computers, recording devices, and pornography. *See id.*

After Lamb completed his term of imprisonment and began his term of supervised release, jurisdiction was transferred from the District of Columbia to the Northern District of California. *See* Trans. of Juris., ECF 1. Lamb has completed 8 years of his 15-year term of supervised release and is scheduled to terminate supervision on January 26, 2030. *See* Probation Letter at 2.

Probation reports that Lamb is a 36-year old man who has maintained a stable residence and stable employment in San Jose, California. *See* Probation Letter at 2. He has paid his $200 special assessment and complied with all conditions of supervised release. *See id.* Lamb recently earned a Bachelor of Arts Degree from Arizona State University. He began sex offense-specific treatment in 2015, completed the primary phase of that treatment, and remains in the maintenance phase of treatment. *See id.* He submits to biannual polygraph examinations. *See id.*

Probation notes that Lamb was terminated from employment with Starbucks in January 2021, and that his Notice of Separation indicated that he violated Starbucks' Anti-Harassment and Anti-Discrimination policy. *See* Probation Letter at 2-3. Starbucks defines prohibited harassment to include "[u]nwelcome physical, verbal or nonverbal behavior or contact." *Id*. at 3. Based on the information regarding his termination from Starbucks, Lamb was referred back to individual sex offense-specific treatment. *See id.* Probation does not provide information regarding Lamb's employment after separating from Starbucks in January 2021. Lamb states in his motion that in February 2021 he was hired by Amazon as an on-site employee at a warehouse, and subsequently was promoted to Amazon's warehouse management team in San Jose. *See* Mot. at 9.

## II. LEGAL STANDARD

A district court may, after considering a specified subset of the sentencing factors enumerated in 18 U.S.C. § 3553(a), "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). The Ninth Circuit recently clarified in *Ponce* that the district court need not find undue hardship or exceptional circumstances to terminate supervised release. *See United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022).

Section 3583(e) identifies the following eight sentencing factors as relevant to the decision whether to terminate supervised release: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1); (2) the need for the sentence "to afford adequate deterrence to criminal conduct," § 3553(a)(2)(B); (3) the need for the sentence "to protect the public from further crimes of the defendant," § 3553(a)(2)(C); (4) the need for the sentence "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," § 3553(a)(2)(D); (5) "the kinds of sentence and the sentencing range established for" similar offenses, § 3553(a)(4); (6) "any pertinent policy statement" issued by the Sentencing Commission, § 3553(a)(5); (7) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," § 3553(a)(6); and (8) "the need to provide restitution to any victims of the offense," § 3553(a)(7). *See* 18 U.S.C. § 3583(e). The district court need not discuss every statutory factor, but it must provide an explanation for its ruling that is sufficient to permit meaningful appellate review. *See Emmett*, 749 F.3d at 821.

## III. DISCUSSION

Lamb asserts that the interest of justice would be served by granting him early termination of supervised release, pointing out that he has complied with all supervised release conditions, has

3

1  stable housing and a good job, has a good support structure, and has served more than half of his
2  15-year supervised release term.  The Government acknowledges that Lamb's performance on
3  supervised release is commendable, but it argues that Lamb's mere compliance with his
4  supervised release conditions and court-ordered treatment do not warrant early termination.  *See*
5  Opp. at 8.  In the Government's view, Lamb has not identified any circumstances sufficient to
6  terminate supervision prematurely.  *See id.*

7  Probation likewise acknowledges Lamb's successful completion of 8 years of his 15-year
8  supervised release term, but states that recidivism is difficult to predict for individuals who
9  possessed child sexual abuse material.  *See* Probation Letter at 2.  The Child Pornography
10  Offender Risk Tool ("CPORT"), designed to predict recidivism by adult male offenders with a
11  conviction for a child pornography offense, provides the following statistics based on a sample of
12  offenders who were followed for five years:  29% committed a new offense, 11% committed a
13  new sexual offense, 3% committed a new contact sexual offense against a child, and 9%
14  committed a new child pornography offense.  *See id.*  Use of the Static-99R assessment tool places
15  Lamb in the above-average risk to commit a new sexual offense.  *See id.*  Under the Sex Offender
16  Treatment Intervention and Progress Scale ("SOTIPS"), there are minimal stable dynamic risk
17  factors that could be mitigated through treatment to reduce Lamb's risk of sexual recidivism.  *See*
18  *id.*  Probation concludes that, "Based on the current assessment tools, the nature and circumstances
19  of the underlying offense, and his criminal history, the Probation Office does not support this
20  motion for early termination of Mr. Lamb's supervised release, at this time."  *Id*. at 3.

21  Having considered the briefing and evidence, and the relevant legal authorities, the Court
22  finds that early termination of supervised release is not warranted. The Court acknowledges and
23  commends Lamb's accomplishments since his release from prison, in particular earning a
24  bachelor's degree and obtaining a managerial position at Amazon.  However, the Court finds that
25  several of the relevant § 3553(a) factors weigh against termination of supervision at this time.

26  With respect to "the nature and circumstances of the offense and the history and
27  characteristics of the defendant," 18 U.S.C. § 3553(a)(1), the Court observes that the materials
28  giving rise to the charges against Lamb showed children under the age of 12, and in some

4

1    instances as young as 1 or 2 years old, portrayed sadistic or masochistic conduct or other
2    depictions of violence, comprised more than 600 images, and involved distribution.  *See*
3    Sentencing Tr. 8:8-19, 14:7-14, ECF 7-2.  Some of the videos collected and shared by Lamb
4    depicted very young children screaming while being raped and sodomized.  *See id.*  While Lamb
5    himself did not commit those acts, the sentencing court made a point of emphasizing that child
6    pornography is not a victimless crime, that it has a devastating impact on the child victims and
7    their families, and that there is real suffering attributable to individuals like Lamb who view and
8    distribute it.  *See id.* 9:1-24.  Lamb also had a prior conviction for communication with a minor for
9    immoral purposes.  *See id.* 7:11-13.  Nothing about Lamb's offenses and criminal history supports
10   his request that this Court cut off nearly half of the 15-year supervised release term that the
11   sentencing court found appropriate.
12       The Court finds that continued supervision will aid in "afford[ing] adequate deterrence to
13   criminal conduct," 18 U.S.C. § 3553(a)(2)(B), and will aid in "protect[ing] the public from further
14   crimes of the defendant," 18 U.S.C. § 3553(a)(2)(C).  Lamb took great pains to hide his illegal
15   conduct prior to his arrest, using a false screen name, using a false subscriber name, and going
16   online using a library computer.  *See* Sentencing Tr. 16:1-9.  Absent continued supervision, he
17   easily could return to those activities.  Lamb argues that he would not do so, citing his successful
18   completion of sex offender treatment.  However, based on the concerns regarding recidivism
19   offered by Probation, the Court cannot accept Lamb's assertion with any degree of confidence.
20   Lamb contends that modern studies have debunked prior believes regarding the risks of
21   recidivism, arguing that "[w]hile 15-years of supervision may have been reasonable at sentencing,
22   it is no longer representative of the term-length necessary to satisfy the interests of justice in my
23   case." Mot. at 11.  In making that contention, Lamb cites to numerous studies, articles, and other
24   sources that he did not provide to the Court and thus have not been considered.
25       Lamb suggests that early termination is warranted based on "the kinds of sentence and the
26   sentencing range established for" similar offenses, § 3553(a)(4), and based on "the need to avoid
27   unwarranted sentence disparities among defendants with similar records who have been found
28   guilty of similar conduct," § 3553(a)(6).  He cites several cases in which judges in the Northern

District of California imposed shorter terms of supervised release in child pornography cases. As an initial matter, the citation to a handful of cases in which the sentences were different from the sentence imposed on Lamb does not establish the existence of an unwarranted sentencing disparity. Moreover, the cited cases are factually distinguishable. For example, in *United States v. Allinger*, 461 F. Supp. 3d 963, 964 (N.D. Cal. 2020), the defendant was sentenced to a 48-month term of imprisonment, as opposed to the 90-month term of imprisonment to which Lamb was sentenced. Given the substantially shorter term of imprisonment in *Allinger*, it is hardly surprising that the defendant in that case was sentenced to shorter term of supervised release (10 years) than Lamb (15 years).

It does not appear from this record that continued supervision would impede Lamb's ability to achieve any educational or employment goals. Weighing the important interests that would be served by continued supervision against the impact, if any, that supervision would have on Lamb's ability to maintain a stable lifestyle while pursuing his goals, the Court finds that early termination of supervised release is not in the interest of justice at this time. The Court therefore will deny the motion.

**IV. ORDER**

(1) Defendant Lamb's motion for early termination of supervised release is DENIED.

(2) This order terminates ECF 3.

Dated: May 16, 2023

_____
BETH LABSON FREEMAN
United States District Judge